JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6435 GAF (PLAx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Hammer Real Estate LLC v. Hamlet Abrahamian | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**     (In Chambers)

## ORDER REMANDING CASE

### A. INTRODUCTION

Plaintiff Hammer Real Estate LLC ("Hammer") commenced this unlawful detainer action in Los Angeles Superior Court on June 3, 2010. Defendants Hamlet Abrahamian and family ("Defendants") subsequently removed this action on the basis of federal question jurisdiction and 12 U.S.C. § 1819(b)(2)(A) on August 27, 2010. (Not. Removal ¶ 9.) Defendants assert that they were served with a copy of the summons and complaint on June 4, 2010. (Id. ¶ 3.)

### B. STANDARD FOR REMOVAL UNDER 28 U.S.C. §§ 1441

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Removal is proper only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6435 GAF (PLAx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Hammer Real Estate LLC v. Hamlet Abrahamian | | |

Accordingly, the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint*." Id. (emphasis added).

### C. DEFENDANTS HAVE NOT ESTABLISHED THAT PLAINTIFF'S CLAIM ARISES UNDER FEDERAL LAW

Hammer seeks to evict Defendants from a residence that it alleges it purchased at a foreclosure sale. Defendants allege that if Hammer is successful in its unlawful detainer action, Bank of America, as beneficiary of his deed of trust—and by extension the United States Department of Treasury and the Federal Deposit Insurance Company, among others, as equity holders—will be harmed and prejudiced if not named in the suit. On this basis, along with the promise to bring federal cross claims, Defendants claim this Court has subject matter jurisdiction even though Hammer did not bring a federal claim.

Defendants' allegations cannot establish federal question jurisdiction. Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (holding that a defendant's counter-claim presenting a federal question does not make a case removable). Hammer's Complaint for unlawful detainer under California law states no federal causes of action. Because there is no federal question presented on the face of Plaintiff's complaint, the Court lacks federal question jurisdiction over this case. Further, neither the FDIC nor the U.S. Treasury is a real party in interest in this case. The Court therefore does not have subject matter jurisdiction on that basis.

### D. CONCLUSION

For the reasons set forth above, the Court concludes that it lacks subject matter jurisdiction over this case. This case is therefore **REMANDED** to state court.

**IT IS SO ORDERED.**